IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Midwest Operating Engineers Welfare Fund; Operating Engineers Local 150 Apprenticeship Fund; Midwest Operating Engineers Retirement Enhancement Fund; and International Union of Operating Engineers, Local 150, AFL-CIO, <br><br> Plaintiffs, <br><br> v. <br><br> Parsec, LLC, an Ohio corporation, <br><br> Defendant. | Case No. <br><br> Judge: <br> Magistrate Judge: |

## COMPLAINT

Plaintiffs Midwest Operating Engineers Welfare Fund; Operating Engineers Local 150 Apprenticeship Fund; Midwest Operating Engineers Retirement Enhancement Fund (collectively "the Funds"); and International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150" or "the Union"), bring this action to collect contributions and dues from Defendant Parsec, LLC, an Ohio corporation ("Parsec" or "the Company").

### COUNT I.  SUIT FOR DELINQUENT CONTRIBUTIONS
#### Facts Common to All Counts

1. The Union is an employee organization under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a labor organization under the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2. Defendant Parsec is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5), and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the construction industry with its principal office in Cincinnati, Ohio (Exhibit A).

3. On February 16, 2024, Parsec, through Jessica Fouse, Director of Human Resources; Matt Sipich, Terminal Manager; and Attorney Eric Clark, signed a collective bargaining agreement ("CBA") known as the Shop Agreement with Local 150, currently effective January 1, 2024, through December 31, 2026 (excerpts attached as Exhibit B).

4. The CBA and the Agreements and Declarations of Trust incorporated therein require Parsec to make fringe benefit contributions to the Funds. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002(3).

5. The CBA and Trust Agreements specifically require Parsec to:

    (a) submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBA;

    (b) compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of 10 percent of untimely contributions, or 20 percent of such contributions should the Funds be required to file suit;

    (c) pay interest to compensate the Funds for the loss of investment income;

    (d) make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified;

    (e) pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

    (f) furnish to the Funds a bond in an amount acceptable to the Funds.

6. The CBA further requires Parsec to deduct administrative dues from employees' wages and remit those dues to the Union on a monthly basis utilizing a form remittance report. Where Parsec does not do so, the Union is entitled to liquidated damages, attorneys' fees, and any other cost of collection.

7. Parsec has become delinquent in the submission of its reports and contributions due the Funds, and reports and dues to the Union. As a result of this delinquency, it owes the Funds contributions, liquidated damages, and interest, and dues and liquidated damages to the Union.

## Jurisdiction and Venue

8. This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145, and 28 U.S.C. § 1331, because ERISA is a federal statute.

9. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the Funds are administered in Cook County, Illinois.

## Allegations of Violations

10. ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

11. Where an employer fails to submit contribution reports and contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees, and costs. ERISA also permits the Funds to seek an injunction that requires submission of outstanding reports, or submitted reports without accompanying payment, so that the Funds may determine whether additional sums are due to the Funds. Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due.

12. Parsec has violated ERISA and breached the CBA and the Trust Agreements because it has failed to submit its reports, or submitted reports without accompanying payment, and thus has failed to submit fringe benefit contributions timely to the Funds, and refused to pay liquidated damages and interest that have accrued.

13. Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Parsec, there is a total of $48,451.65 known to be due the Funds from Parsec, before the assessment of fees and costs, and subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

(a) enter judgment in favor of the Funds and against Parsec for all unpaid contributions as identified in Parsec's contribution reports;

(b) order Parsec to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

(c) order Parsec at the Funds' option to submit to an audit of its payroll books and records in order to determine whether Parsec owes additional sums to the Funds, and pay the costs of such an audit; or alternatively, at the Funds' option, require Parsec to pay any contributions reasonably estimated to be due by the Funds for the period when Parsec failed and refused to timely submit contribution reports;

(d) enter judgment against Parsec and in favor of the Funds for liquidated damages, interest, attorneys' fees, and costs associated with all delinquent contributions;

(e) provide the Funds with such further relief as may be deemed just and equitable by the Court, all at Parsec's cost.

## COUNT II. SUIT TO COLLECT UNION DUES

1-8. The Union re-alleges and incorporates herein by reference paragraphs 1 through 8 of Count I as if fully stated herein.

**Jurisdiction and Venue**

10. This Court has jurisdiction over this action pursuant to Section 301 of the LMRA, 29 U.S.C. § 185.

11. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties, and the Union's principal office is located within the geographic jurisdiction of this Court.

**Allegations of Violations**

12. Parsec has not submitted all of its dues reported to the Union. Parsec has failed to make timely payment of all dues acknowledged to be due according to Parsec's own reports and the CBA. Accordingly, Parsec is in breach of its obligations to the Union under the CBA.

13. That upon careful review of all records maintained by the Union and after application of any and all partial payments made by Parsec, there is a total of $6,621.77 known to be due to the Union from Parsec, before the assessment of fees and costs subject to the possibility that additional contributions will become due while this lawsuit is pending.

WHEREFORE, the Union respectfully requests that the Court:

(a) order Parsec to submit all delinquent monthly dues reports;

(b) enter judgment in favor of the Union and against Parsec for all unpaid dues, including any amounts estimated to be due because Parsec failed to submit all dues reports required by the CBA;

(c) enjoin Parsec to perform specifically its obligations to the Union including timely submission of reports and contributions as required by the plans and the CBA;

(d) award the Union such further relief as may be deemed just and equitable by the Court, all at Parsec's cost.

Dated: August 13, 2025                                   Respectfully submitted,

                                                           By:  /s/ Robert A. Paszta
                                                                     One of the Attorneys for Plaintiffs

| Attorneys for Local 150: | Attorneys for the Funds: |
|---|---|
| Dale D. Pierson *(dpierson@local150.org)* | Robert A. Paszta *(rpaszta@local150.org)* |
| Robert A. Paszta *(rpaszta@local150.org)* | Institute for Worker Welfare, P.C. |
| Local 150 Legal Department | 6141 Joliet Road |
| 6140 Joliet Road | Countryside, IL  60525 |
| Countryside, IL  60525 | Ph. 708/579-6657 |
| Ph. 708/579-6663 | Fx. 708/588-1647 |
| Fx. 708/588-1647 | |

6